STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JAMES L. CORN, JR., Defendant-Appellant.
No. 28778
Intermediate Court of Appeals of Hawaii.
September 30, 2008.
On the briefs:
Deborah L. Kim, Deputy Public Defender, for Defendant-Appellant.
James M. Anderson, Deputy Prosecuting Attonrey, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Defendant-Appellant James L. Corn Jr. (Corn) appeals from the September 4, 2007 Judgment and Sentence of the Circuit Court of the First Circuit (circuit court)[1] convicting him of Terroristic Threatening in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-717 (1993).
After a careful review of the issues raised, arguments advanced, applicable law, and the record in the instant case, we resolve Corn's point of error on appeal as follows:
The circuit court did not abuse its discretion when it found that the challenged testimony given at trial by Michanne Miller Baroga (Baroga) and Larry Woodward (Woodward) cannot be "characterized as the type of evidentiary harpoon that would cause a mistrial to be ordered[,]" and denied Corn's motion for a mistrial. "In determining whether improper remarks made by a witness constitutes [sic] reversible error, the appellate court will consider: (1) the nature of the misconduct; (2) the promptness of a curative instruction, or lack of it; and (3) the strength or weakness of the evidence against the defendant." State v. Webster, 94 Hawai`i 241, 248, 11 P.3d 466, 473 (2000) (quoting State v. Samuel, 74 Haw. 141, 148-49, 838 P.2d 1374, 1378 (1992)) (internal quotation marks omitted).
First, the record shows that Baroga and Woodward responded to the questions posed to them and mentioned that they had previously testified at grand jury proceedings and/or as a part of the internal affairs investigation without elaboration. Viewed in context, it does not appear that the deputy prosecuting attorney's questions were intended to "deliberately induce[ ]" the witnesses to give improperly prejudicial testimony. See State v. Kahinu, 53 Haw. 536, 549, 498 P.2d 635, 643-44 (1972). Second, not only did the circuit court promptly instruct the jurors to disregard the challenged statements, but it separately reinforced this instruction, prior to their deliberations, by reminding them that they must "disregard entirely any matter which the Court has ordered stricken." Lastly, there was ample evidence for the jury to conclude that Corn had committed the offense of terroristic threatening. Baroga and Woodward both testified at trial that Corn threatened to blow up LDM's premises and kill everyone there and that Corn told Woodward that he was "going to get" Woodward or "take care of" Woodward, and that Woodward was a "dead man" for calling police. Thus, it does not appear that "the cumulative effect of prejudicial conduct" created such an "atmosphere of bias and prejudice" that it would overcome the presumption that the jury would follow the circuit court's curative instructions. State v. Kahalewai, 55 Haw. 127, 129, 516 P.2d 336, 338 (1973) (internal quotation marks omitted).
Therefore,
IT IS HEREBY ORDERED that the September 4, 2007 Judgment and Sentence of the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Steven S. Alm presided over the jury trial.